**KOLLER LAW LLC**
David M. Koller, Esquire (037082002)
Sarah R. Lavelle, Esquire (027632004)      *Counsel for Plaintiff*
2043 Locust Street, Suite 1B
Philadelphia, PA 19103
T: 215-545-8917
davidk@kollerlawfirm.com
slavelle@kollerlawfirm.com

**UNITED STATES DISCTRICT COURT
IN THE DISTRICT OF NEW JERSEY**

| | |
|---|---|
| **KYLE HECKMAN**<br>**4013 Worrilow Road**<br>**Brook Haven, PA 19015**<br>            Plaintiff,<br><br>v.<br><br>**TRINITY SOLAR, INC.**<br>**133 Gaither Drive**<br>**Mt Laurel, NJ 08054**<br><br>**2211 Allenwood Road**<br>**Wall, NJ 07719**<br>            Defendant. | Civil Action No.<br><br>**Complaint and Jury Demand** |

**COMPLAINT**

Plaintiff Kyle Heckman, through his counsel, Koller Law, by way of Complaint against Defendant Trinity Solar, Inc., hereby says:

**IDENTIFICATION OF THE PARTIES**

1. Plaintiff is Kyle Heckman (hereinafter "Plaintiff"), an adult individual who is domiciled in the commonwealth of Pennsylvania at 4013 Worrilow Road, Brook Haven, PA 19015.

2. Defendant Trinity Solar, Inc. is a solar panel installer with an office located at 133 Gaither Drive, Mt Laurel, NJ 08054 and with a corporate headquarters located at 2211 Allenwood Road, Wall, NJ 07719.

3. Trinity Solar, Inc. is an entity engaged in an industry or activity affecting commerce which employs 50 or more employees in all of its offices for each working day during each of 20 or more calendar workweek in the current or preceding year.

## JURISDICTION AND VENUE

4. The allegations contained in the foregoing paragraphs of this Complaint are incorporated by reference herein as if the same were set forth at length.

5. The FMLA is a federal law and so this court maintains federal question jurisdiction over this matter.

6. Venue is properly laid in the District of New Jersey pursuant to 28 U.S.C. §§ 1391 (b)(1) and 1931 (b)(2) because Defendant is located in and/or regularly conduct business in this judicial district and because the acts and/or omissions giving rise to the claims set forth herein occurred in this judicial district.

## MATERIAL FACTS

7. Plaintiff incorporates the preceding paragraphs as if set forth more fully at length herein.

8. On October 21, 2016, Defendant hired Plaintiff as an Outreach Representative.

9. Plaintiff was well qualified for his position and performed well.

10. In or around the end of November 2016, Defendant promoted Plaintiff to Car Group Manager.

11. Plaintiff was well qualified for his position and performed well.

12. In December 2016, Plaintiff was working in inclement weather and fell multiple times resulting in constant pain in his lower back that went down his leg.

13. Plaintiff notified Paul LNU, Marketing Manager, of his work-related injury.

14. However, Paul did not notify Defendant's Human Resource department of Plaintiff's injury, instruct Plaintiff to contact Human Resources or submit a worker's compensation claim on behalf of Plaintiff.

15. As Plaintiff continued to work, the pain he experienced in his back and going down his leg intensified. He continued to work.

16. In or around early March 2017, Defendant promoted Plaintiff to Salesman.

17. At the time of the promotion, Plaintiff notified Kristian Calibuso, Sales Manager, and Tyson Peterson, Sales Manager, (his new managers) of his work place injury and of the severe pain that he was still experiencing.

18. Plaintiff was originally informed that as a Salesman, he would receive a base salary of $500 per week for the first four (4) weeks, which included the three (3) full days of training.

19. However, after working the first week, Plaintiff did not receive this pay and was informed by Mr. Calibuso and Mr. Peterson that he would not be receiving any base pay because he was an internal hire and this payment plan was for external hires.

20. Upon information and belief, these external hires did not have work-place injuries and were non-disabled.

21. Additionally as part of the Salesman training, a manager would go out with the Salesman and help them close their first two (2) sales.

22. However, Plaintiff did not receive assistance from a manager to close sales until approximately three (3) months into becoming a Salesman.

23. Upon Plaintiff's promotion to Salesman, Mr. Peterson began to harass Plaintiff and give him a hard time when Plaintiff called out of work due to his work-related back injury.

24. In or around late March 2017, Plaintiff was in such severe pain that he was forced to go to the Emergency Room at Riddle Hospital.

25. Plaintiff was diagnosed with sciatica and was notified that he had to get an MRI to determine the full extent of his work-related back injury.

26. Plaintiff was diagnosed with a L5-S1 disc herniation by Dr. William Murphy.

27. Shortly after Plaintiff's treatment at Riddle Hospital, he and his wife, also an employee of Defendant, met with Mr. Calibuso and Mr. Peterson for breakfast to discuss Plaintiff's work-related back injury and the severe pain he was in that was causing him difficulty with his job.

28. Plaintiff inquired about informing Human Resources of his work-related back injury and of any accommodations that he needed, including, but not limited to, driving less and intermittent absences.

29. At no point did Mr. Calibuso or Mr. Peterson instruct Plaintiff to request a reasonable accommodation, file a worker's compensation claim or apply for any type of Family and Medical Leave Act ("FMLA") leave.

30. Instead, Mr. Calibuso and Mr. Peterson specifically instructed Plaintiff to not inform Human Resources of his work-related back injury.

31. Plaintiff continued to perform his job duties, while in severe pain, but to the best of his abilities.

32. However, Mr. Calibuso and Mr. Peterson continued to harass Plaintiff and issue him warnings regarding his performance, despite Plaintiff's sales metrics being in the middle of the pack for Defendant's Salesmen.

33. Plaintiff did not complain about Mr. Calibuso and Mr. Peterson because he feared that Defendant would retaliate against his wife and him.

4

34. On July 7, 2017, Plaintiff was brought into the office to meet with Marvin Hernandez, Assistant Manager, Mr. Peterson and another Sales Manager.

35. Plaintiff was told, "We know your back is an issue. Your numbers aren't good." Plaintiff was then terminated for alleged performance.

36. However, there were many non-disabled Salesmen that did not have a work-related injury or request an accommodation and had worse performance than Plaintiff, but were not terminated.

## COUNT I – FMLA VIOLATION - INTERFERENCE

37. Plaintiff incorporates the preceding paragraphs as if set forth more fully at length herein.

38. Plaintiff gave Defendant proper notice of his own qualifying serious health condition under the FMLA.

39. Plaintiff was entitled to benefits under the FMLA.

40. Defendant illegitimately prevented Plaintiff from obtaining those benefits by not giving him notice of his rights under the FMLA.

41. Defendant's conduct was willful.

42. As a result of Defendant's discrimination, Plaintiff suffered adverse employment actions causing his harm.

**WHEREFORE**, Plaintiff seeks the damages set forth in the Prayer for Relief clause of this Complaint, *infra*.

## COUNT II – FMLA VIOLATION – RETALIATION

43. Plaintiff incorporates the preceding paragraphs as if set forth more fully at length herein.

44. Defendant retaliated against Plaintiff for bringing up the workplace injury which invoked his federally protected rights under the FMLA.

**WHEREFORE**, Plaintiff seeks the damages set forth in the Prayer for Relief clause of this Complaint, *infra*.

### COUNT III – DISABILITY DISCRIMINATION
### NEW JERSEY LAW AGAINST DISCRIMINATION

45. Plaintiff incorporates the preceding paragraphs as if set forth more fully at length herein.

46. Plaintiff is a "qualified individual with a disability" as that term is defined under the NJLAD because Plaintiff has, or had at all times relevant hereto, a disability that substantially limits or limited one or more major life activities or because Plaintiff had a record of such an impairment or because Plaintiff was regarded as and/or perceived by Defendant and its agents as being disabled.

47. Plaintiff was subject to an adverse employment action, including, but not limited to termination.

48. Circumstances indicated that Plaintiff's disability was the reason for the adverse employment action.

49. Defendant did not have a legitimate non-discriminatory reason for terminating Plaintiff.

50. Plaintiff's disability motivated Defendant's decision to terminate Plaintiff.

51. The purported reason for Defendant's decision is pretextual.

52. Others similarly situated but outside of Plaintiff's protected class were treated more favorably.

53. The above actions by Defendant also constitute a failure to accommodate and a failure to engage in the required interactive process.

**WHEREFORE**, Plaintiff seeks the damages set forth in the Prayer for Relief clause of this Complaint, *infra*.

## COUNT IV – WRONGFUL TERMINATION

54. Plaintiff incorporates the preceding paragraphs as if set forth more fully at length herein.

55. Plaintiff was an at-will employee with Defendant.

56. Defendant terminated Plaintiff in retaliation for his workplace injury and attempting to file a worker's compensation claim.

57. This is a violation of the at-will employment doctrine in New Jersey.

**WHEREFORE**, Plaintiff seeks the damages set forth in the Prayer for Relief clause of this Complaint, *infra*.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff, Kyle Heckman, requests that the Court grant him the following relief against Defendant, Trinity Solar, Inc.:

a) Damages for past and future monetary losses as a result of Defendant's wrongful termination;

b) Compensatory damages;

c) Punitive damages;

d) Liquidated damages;

e) Emotional pain and suffering;

f) Reasonable attorneys' fees;

g) Recoverable costs;

h) Pre and post judgment interest;

i) An allowance to compensate for negative tax consequences;

j) Order Defendant to remove and expunge, or to cause to be removed and expunged, all negative, discriminatory, and/or defamatory memoranda and documentation from

Plaintiff's record of employment, including, but not limited to, the pre-textual reasons cited for his adverse actions, disciplines, and termination; and

k) Awarding any/all other extraordinary, equitable and/or injunctive relief as permitted by law, equity and the statutory provisions sued hereunder.

Respectfully Submitted,

KOLLER LAW LLC

Dated: February 25, 2019

David M. Koller, Esquire (037082002)
Sarah R. Lavelle, Esquire (027632004)
2043 Locust Street, Suite 1B
Philadelphia, PA 19103
(t) 215-545-8917
(f) 215-575-0826
davidk@kollerlawfirm.com
slavelle@kollerlawfirm.com

*Counsel for Plaintiff*

8